■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MOQUETE, Appellant.—Judgment, Supreme Court, New York County (Joan Carey, J., at *Huntley/Mapp* hearing, trial and sentence), rendered July 30, 1987, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first and third degrees and sentencing him to concurrent indeterminate prison terms of from 15 years to life and from 8½ to 25 years, unanimously affirmed.

Police officers assigned to the Drug Enforcement Task Force arranged a "buy-and-bust" operation on March 26, 1986 using a known confidential informant. A detective maintained surveillance over the informant. The informant met defendant and another person at a designated location; a bag containing two kilograms of cocaine was recovered from defendant's car.

The hearing court correctly denied defendant's motion to suppress the evidence since the information provided by the informant, which was verified by the detective's observations, satisfied the two-pronged requirement of *Aguilar-Spinelli (Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410). This, combined with the detective's observation of what he recognized as a kilo package of cocaine in defendant's vehicle, provided probable cause for defendant's arrest and the incidental search of his car *(People v McRay,* 51 NY2d 594). The trial evidence was sufficient to establish beyond a reasonable doubt that the defendant knowingly possessed the cocaine *(People v Reisman,* 29 NY2d 278, *cert denied* 405 US 1041). Concur—Ross, J. P., Rosenberger, Kassal, Ellerin and Rubin, JJ.